JS - 6

**FILED: 8/2/13**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Sweet People Apparel, Inc.*, | )     **CASE NO. CV 13-177-GHK (MANx)** |
|        **Plaintiff,** | ) <br> )     **JUDGMENT** |
|        **v.** | ) <br> ) |
| *12k Apparel, Inc.*, | ) |
|        **Defendant.** | ) |

Pursuant to the Court's August 2, 2013 Order, IT IS **ORDERED, ADJUDGED, AND DECREED** that default judgment shall be entered in favor of Plaintiff Sweet People Apparel, Inc. ("Plaintiff" or "Sweet People") against Defendant 12k Apparel, Inc. ("Defendant"). We award judgment in the following amounts: (1) $200,000 in statutory damages, consisting of $50,000 for each of the four works infringed, (2) $7,600 in attorneys' fees, and (3) $900.11 in costs. Post-judgment interest shall accrue on the judgment pursuant to 28 U.S.C. § 1961.[1]

Further, pursuant to the Court's August 2, 2013 Order, Defendant is permanently enjoined as follows: The Defendant and its agents, servants, employees and all persons in

---

[1] Section 1961 states that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment," to be computed daily and compounded annually.

active concert and participation with it who receive actual notice of the injunction are hereby restrained and enjoined from infringing Sweet People's intellectual properties, including copyrights and trademarks ("Properties"), either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized merchandise which features any of Plaintiff's Properties, and, specifically: (1) importing, manufacturing, distributing, advertising, selling and/or offering for sale unauthorized products which picture, reproduce, or copy any of Plaintiff's Properties; (2) importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties; (3) engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, the Defendant's customers and/or members of the public to believe, that the actions of Defendant, the products sold by Defendant, or the Defendant itself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff; and (4) affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent unauthorized goods as being those of Plaintiff.  Further, Defendant is ordered to recall all products infringing on Plaintiff's properties and deliver to Plaintiff within thirty (30) days of service of this injunction, for destruction, all unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties and any labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in its possession or under its control bearing any

//

//

unauthorized Plaintiff's Properties or any simulation, reproduction, counterfeit, copy or
colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and
other means of making the same.

**IT IS SO ORDERED**.

DATED: August 2, 2013

_____
GEORGE H. KING
Chief United States District Judge

3